NO. 12-00-00166-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




TOMMY CLEO JOHNSON,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS






 

 Tommy Cleo Johnson ("Appellant") appeals his conviction for timber theft. A jury returned
a verdict of guilty and assessed a sentence of two years confinement which was probated for a term
of five years and a $10,000.00 fine. Appellant raises three issues on appeal contending the evidence
was legally insufficient to support the jury's verdict and the trial erred by allowing evidence of
extraneous offenses before the jury. We affirm.


Facts


 The facts of the offense for which Appellant was convicted involve the cutting of timber on
a tract of land in Anderson County known as the "James property." The State presented evidence
that Appellant entered a contract with Norman Larry Freeman and M. C. McCracken to cut the
timber on a 62.5 acre tract belonging to Lena Bell Jackson. After cutting the "Jackson tract," the
evidence showed that Appellant continued to cut timber over the property line onto an adjoining
tract, the "James property." Fourteen and one/half acres of timber, valued at approximately
$16,198.00, were cut from the "James property." 


 


Legal Sufficiency of the Evidence


 In issues one and two, Appellant complains that the evidence is legally insufficient to support
the jury's verdict that he unlawfully appropriated, by acquiring and otherwise exercising control
over, property, to wit: timber, of the value of $1,500.00 or more but less than $20,000.00 from Dr.
Barry James, the owner thereof, without the effective consent of the owner, with the intent to deprive
the owner of the property, as charged in the indictment. Appellant contends that the State did not
prove that Dr. Barry James was the owner of the property. Additionally, he argues that it was not
proven that he acted with the requisite intent to deprive the owner of the property. 

 The standard of review in making a determination of legal sufficiency requires that we ask
whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). While conducting
this review, a court does not reevaluate the weight and credibility of the evidence but merely ensures
that the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993). A finding of legal insufficiency under the Jackson standard requires that the reviewing court
render a judgment of acquittal. Clewis, 922 S.W.2d at 133.

 The indictment alleged that Appellant unlawfully appropriated the timber of Barry James
without his consent and with the intent to deprive him of it. Tex. Pen. Code Ann. § 31.03 (Vernon
1997). The State's evidence established that Appellant cut the timber on the "Jackson tract" and then
continued to cut timber on the "James property." Dr. Barry James testified that he was the owner
of the property which was actually held in trust for his children's education. He stated that he did
not consent to Appellant's cutting the timber. Evidence was introduced that the "Jackson tract" was
marked with orange and blue ribbon. Appellant was to only cut within the ribbons. Tom Crater, a
consulting forester, testified that an old fence line clearly marked the "James property" line. He
testified that the value of the timber was about $16,198.00. Officer James McElyea with the
Anderson County Sheriff's Department testified that in his professional opinion the fence and flags
had to have been seen because the fence had been run through by Appellant's equipment.

 Appellant testified by deposition to the jury and stated that he had cut the timber by mistake. 
The State rebutted this testimony with further testimony of Officer McElyea that Appellant was
under indictment in Cherokee County on a similar set of facts. Dr. Michael Beard and his wife Linda
Beard of Cherokee County testified that Appellant had wrongfully cut timber on their property while
cutting on adjacent property.

 After reviewing the record in the light most favorable to the conviction, we find the evidence
to be legally sufficient for a rational jury to find beyond a reasonable doubt that Appellant unlawfully
appropriated the timber of Dr. James with the intent to deprive him of it and without his consent and
that the value of the timber was more than $1,500.00 but less than $20,000.00. Jackson, 443 U.S.
307 at 319, 99 S. Ct. at 2789. A culpable mental state may be inferred from the evidence, including
evidence of the accused's acts, words and conduct. Wolfe v. State, 917 S.W.2d 270, 275 (Tex. Crim.
App. 1996); Perez v. State, 41 S.W.3d 712, 717 (Tex. App.- Corpus Christi 2001, no pet.). 
"Deprive" means to dispose of property in a manner that makes recovery of the property by the
owner unlikely. Tex. Pen. Code Ann. § 31.01(2) (Vernon 1997). "Owner" means a person who
has a greater right to possession of the property than the actor. Tex. Pen. Code Ann. § 1.07(35)
(Vernon 1994). The evidence discussed above is sufficient for the jury to find that Appellant did
with the necessary culpable mental state deprive Dr. James of his timber. Issues one and two are
overruled.


Extraneous Offenses


 In issue three, Appellant complains of extraneous offenses admitted into evidence by the trial
court. He contends the trial court erred by allowing the testimony of the Beard family that Appellant
had stolen timber from their land and that his defense was the same as in the instant case. Appellant
maintains that he should be tried on the facts of the instant case and not as a thief generally.

 Once a defendant raises the defense of mistake of fact before the jury, the State is entitled to
call witnesses and rebut the defensive theory. Washington v. State, 943 S.W.2d 501, 506 (Tex.
App.- Fort Worth 1997, no pet.). The State may rebut the defensive theory with any evidence
including extraneous offenses. Easley v. State, 978 S.W.2d 244, 251 (Tex. App.- Texarkana 1998,
pet. ref'd). The extraneous evidence, that appellant had committed other similar crimes and that the
crimes were connected to his business, is highly probative of Appellant's intent in the present case.
This evidence was offered in rebuttal, after Appellant contested the issue of intent. Although this
evidence was without doubt prejudicial to Appellant, its probative value was not substantially
outweighed by its prejudice. Appellant opened the door for the introduction of the extraneous
offense when he testified that he mistakenly cut the "James property" timber. The trial court's
decision to admit it was within the "zone of reasonable disagreement." Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990). Appellant's third issue is overruled. 

 The judgment of the trial court is affirmed.



 LEONARD DAVIS 

 Chief Justice



Opinion delivered November 30, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





























(DO NOT PUBLISH)